**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-01292-RPM-CBS

MARGARET MESSMAN,

    Plaintiff,

v.

HOME DEPOT USA, INC., a foreign corporation,

    Defendant.

---

ORDER ON PLAINTIFF'S MOTION TO STRIKE

---

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Plaintiff's Motion to Strike Defendant's Exhibit, filed May 17, 2005 (Docket No. 70), to which Defendant Home Depot filed a brief in Opposition on May 24, 2005 (Docket No. 76). By Order of Reference, dated June 24, 2004, this matter was referred to the Magistrate Judge to "hear and determine pretrial matters, including discovery and other non-dispositive matters." After carefully considering the parties' briefs, the entire case file and the arguments presented at the hearing on June 1, 2005, for the reasons stated from the bench and discussed below the court will deny Messman's Motion.

    Messman asks the court to strike a document which Home Depot attached as Exhibit 2 to Defendant's Brief in Opposition to Plaintiff's Motion for Partial Summary

1

Judgment. The document in question, (hereinafter "the handwritten note") was written by Messman during a conversation with her original attorney, Mr. Zimmerman. The handwritten note was produced by Messman pursuant to the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) on or about August 20, 2004 and provided to counsel behind a cover sheet titled "Medical Records".

In response to Plaintiff's Request for Production of Documents, a copy of the handwritten note was provided by Home Depot along with all other documents originally produced by Messman according to Fed. R. Civ. P. 26. The documents were delivered to Mr. Schwartz, Messman's present counsel, on February 18, 2005. Home Depot continued to maintain possession of the handwritten note without objection by Messman until Messman's deposition on April 7, 2005. At the deposition defense counsel asked Messman questions concerning the contents of the handwritten note. After several minutes of questioning, Schwartz asserted privilege for the first time in the litigation.

Messman seeks to strike the document in question based on the attorney-client privilege. (Plaintiff's Opposed Motion to Amend Plaintiff's Motion for Protective Order pg. 8). The attorney-client privilege as codified in C.R.S. § 13-90-107(b)(1) (2005) exists to protect confidential communications.[1] *Floyd v. Coors Brewing Co.*, 952 P.2d 797 ( Colo. Ct. App. 1997), *cert. granted, rev'd. on other grounds by* 978 P.2d

---

[1] The Plaintiff asserts diversity jurisdiction and therefore Colorado law governs the assertion of attorney-client privilege. Fed. R. Evid. 501(2005).

663 (Colo. 1999). The attorney-client privilege is not, however, absolute. It may be waived by the client. *Id*. Further, voluntary disclosure of confidential communications to an adversary will waive the attorney client privilege. *Id.* at 808.

Messman asserts that the handwritten document in question bearing the heading "Dr. Haddon-" is privileged. According to Messman this document was created during the initial consultation with her former counsel, Mr. Zimmerman. Messman asserts that because it was created during an attorney consultation it is protected by the attorney-client privilege. (Plaintiff's Opposed Motion to Amend Plaintiff's Motion for Protective Order pg. 8). Apparently, Dr. Haddon was one of the doctors treating Messman's injuries caused by the alleged conduct of Home Depot. The court agrees with Messman in finding that the document in question is protected by the attorney-client privilege.[2]

Next, the court must consider whether Messman's inadvertent disclosure of the document waived the privilege. *See **Sanner v. Bd. of Trade,*** 181 F.R.D. 374, 378 (N.D. Ill. 1998). In examining the issue of inadvertent waiver, courts seem to adopt one of three tests. *Id*.

---

[2] As an alternative basis for relief, Messman argues that the handwritten note is subject to the work product doctrine. (Plaintiff's Opposed Motion to Amend Plaintiff's Motion for Protective Order pg. 8). As a party asserting the work product doctrine, Messman has the burden of showing facts to support application of the work product doctrine. ***Barclaysamerican Corp. v. Kane***, 746 F.2d 653, 656 (10th Cir. 1984). On the record before the court there is no basis for asserting applicability of the work product doctrine because the handwritten note seemingly does not reflect the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. ***Sanner,*** at 374; Fed. R. Civ. P. 26(b)(3). Further, even if the work product doctrine were applicable, as explained further in this order, *infra* we find waiver of the doctrine as to the handwritten note.

3

The first approach, followed by a minority of jurisdictions, determines that once confidentiality is waived, albeit inadvertently, it cannot be reclaimed. *Id.* This approach reasons that the privilege seeks to maintain the confidentiality of the document and when the document is inadvertently disclosed confidentiality is destroyed. **Int'l Digital Sys. Corp. v. Digital Equip. Corp.**, 120 F.R.D. 445, 449 (D. Mass. 1988) (plaintiff sought return of twenty documents inadvertently surrendered to defendant; court found that regardless of the adequacy of the plaintiff's precautions, the actions were insufficient to prevent the disclosure and therefore the effect of inadvertent disclosure was the same as deliberate disclosure).

The second view, also a minority position, finds that effective waiver of the attorney-client privilege must be intentional, rather than inadvertent. *See, e.g.,* **Georgetown Manor, Inc. v. Ethan Allen**, **Inc.**, 753 F. Supp. 936, 938 (S.D. Fla. 1991). Under this theory courts find that disclosure resulting from negligence caused by an attorney does not necessarily wave a client's privilege. *Id.* at 939. In **Georgetown Manor, Inc.** the court held that waiver was not present where counsel for defendant prepared thousands of pages of documentation for inspection and inadvertently included as part of the exhibit list a transcript of an attorney-client conversation.

The third approach followed by a majority of jurisdictions, including Colorado, analyzes several factors to determine whether effective waiver of the attorney client privilege has occurred. *Floyd*, at 809. Among the factors considered by the court are: (1) the extent to which reasonable precautions were taken to prevent the disclosure of

privileged information; (2) the number of inadvertent disclosures made in relation to the total number of documents produced; (3) the extent to which the disclosure, although inadvertent, has nevertheless caused such a lack of confidentiality that no meaningful confidentiality can be restored; (4) the extent to which the disclosing party has sought remedial measures in a timely fashion; and (5) considerations of fairness to both parties under the circumstances. *Id*. The court in ***Employer's Reins. Corp., v. Clarendon Nat'l Ins. Co.***, 213 F.R.D. 422 (D. Kan. 2003) declined to find waiver after applying a multi-factor test to non-testifying, consulting expert materials. In considering fairness to both parties, the court determined that the plaintiff would not be permitted to use the affidavit of the consulting expert inadvertently produced by defendant. *Id*. at 429. The court considered, among other factors, that defense counsel sought to rectify the inadvertent disclosure promptly and that the document was included in 10,800 pages of discovery. *Id*. at 431; *Compare*, ***FDIC v. Marine Midland Realty Credit Corp.***, 138 F.R.D. 479 (E.D. Va. 1991) (court applied a multi-factor test and found that the non-party had waived the attorney-client privilege when at least 20,000 documents had been produced and a privilege notation was marked on the face of the letter).

In its analysis of the facts, the court does not consider one particular factor to be dispositive as to the presence of waiver. Like the circumstances in the present case, the court in ***Ciba-Geigy Corp. v. Sandoz LTD.***, 916 F. Supp. 404, 411-12 (D. N.J. 1995), found that the attorney-client privilege had been waived where the production of

5

documents was small, there were no time constraints that impacted document review, and defendants admitted on two occasions that they failed to conduct any privilege review prior to producing copies of the document in question. *Id.* at 412.

In cases where privilege was not waived, courts found that reasonable measures had been taken to prevent the disclosure of privileged materials. *See*, **Sanner**, at 374 (the court did not find that waiver was present when privileged documents were marked for staff to remove and immediate steps were taken to withdraw the notes from production upon discovering disclosure); **Bank Brussels Lambert v. Credit Lyonnais (Suisse)**, 160 F.R.D. 437 (S.D. N.Y. 1995) (the court held that waiver was not present where plaintiffs inadvertently disclosed documents during discovery of 70,000 pages, but reasonable measures to prevent the disclosure were taken by counsel).

Here, the record is devoid of any measures taken to prevent the disclosure of privileged information. Based on the record before the court, it does not appear that Schwartz ever reviewed the documents maintained by Zimmerman, or the documents provided by Home Depot in response to Schwartz' Request for Production of Documents. Zimmerman's affidavit, indicates that his staff organized particular documents by topic and file folder. However, the Zimmerman affidavit does not indicate any privilege review occurred prior to the production of documents. Indeed, the record shows a consistent failure by both Messman's present and former counsel to review documents for privilege.

According to Messman, the document in question was the only inadvertent disclosure among approximately 443 documents. (Plaintiff's Motion to Strike pg. 2). Messman calls the court's attention to the ***Ciba-Geigy Corp. v. Sandoz LTD***, case. In ***Ciba-Geigy Corp.***, the court determined that the privilege was waived where only 681 documents were produced and review by the attorney prior to producing the documents was not "impractical." Similarly in this case, review of 443 documents would not have been impractical . and would have been expected particularly after Messman retained new counsel.

Finally, it does not appear that Schwartz made any effort to assert the privilege until after his client had discussed the handwritten document under oath. The document in question was produced to Home Depot on or about August 20, 2004. Messman openly answered questions regarding the document in her deposition dated April 7, 2005. Under the circumstances, it is entirely reasonable to hold Messman and her counsel accountable for their own inattention to detail.

According to the forgoing reasons, Plaintiff's Motion to Strike (Doc. # 70), filed on May 17, 2005 is DENIED.

DATED at Denver, Colorado, this 29th day of June, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge